


# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Roshani Sheth, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-05061 |
| ) | Judge Mary M. Rowland |
| National Association of Realtors, ) | Magistrate Judge M. David Weisman |
| ) | Cat 2-Random Assignment |
| Defendant. ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, Roshani Sheth, and as her Complaint against Defendant, the National Association of Realtors, states as follows:

1. This is an action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, for retaliation. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*. Venue exists because Plaintiff and Defendant reside in the Northern District of Illinois. This action is also brought under the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.*, over which this court has pendant jurisdiction under 28 U.S.C. § 1367(a).

2. Plaintiff filed a timely charge of discrimination over her termination for unlawful discrimination and for retaliation with the Illinois Department of Human Rights (IDHR). The EEOC issued a Right to Sue letter to Plaintiff dated March 20, 2024, and Plaintiff received this a few days thereafter.

3. Plaintiff, Roshani Sheth, is a resident of Chicago, Illinois.

4. Defendant, National Association of Realtors, is a trade association doing business in Chicago, Illinois.

5. Plaintiff began working for Defendant in or about May 27, 2014 as a Product Manager. Her employment was terminated by Defendant on October 2, 2019 based on discrimination and in retaliation for filing an internal complaints of discrimination with Senior Vice President Donna Gland & Talent Director Linda Russell of Human Resources and separately, the Chief Legal Counsel Katie Johnson.

6. Plaintiff met or exceeded Defendant's reasonable performance expectations in her position.

## COUNT I   RETALIATION

7. Defendant engaged in various acts of discrimination based on her sex and national origin during her employment. These acts included but were not limited to sexual harassment, unequal terms and conditions of employment, and failure to promote.

8. Plaintiff made internal complaints of discrimination on or about June 18, 2019.

9. Defendant terminated Plaintiff on October 2, 2019 in retaliation for these internal complaints.

10. Plaintiff made formal complaints of unlawful discrimination and retaliation internally to Defendant's Human Resources department and Chief Legal Counsel, resulting in the Defendant providing a settlement agreement that was executed on December 19, 2019, to resolve Plaintiff's discrimination complaints.

11. Defendant engaged in several acts of retaliation subsequent to executing the settlement agreement. This included the refusal to provide a neutral reference to prospective employers with whom Plaintiff sought employment which deprived or delayed Plaintiff's ability to obtain new employment, allowing or encouraging its employees to cyberstalk Plaintiff

subsequent to the settlement agreement, sending harassing and threatening texts including a text that included shorthand for "kill yourself" and "rat," and other acts of retaliation.

12. These acts violated 42 USC section 2000e et seq,, As a result of the acts Plaintiff has suffered and will continue to suffer emotional distress and mental anguish, loss of income and benefits due to lost or delayed employment opportunities, and other compensable losses and damages.

13. Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

B. Punitive damages in an amount of Three Hundred Thousand Dollars ($300,000);

C. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

D. Attorney's fees and costs; and

E. Such other relief as this Court deems appropriate.

## COUNT II RETALIATION UNDER IL HUMAN RIGHTS ACT

1-11. Plaintiff re-alleges ¶¶ 1-11 of Count I as ¶¶ 1-11 of this Count II.

14. These acts violated **775 ILCS 5/2-101 *et. seq.*,** As a result of the acts Plaintiff has suffered and will continue to suffer emotional distress and mental anguish, loss of income and

benefits due to lost or delayed employment opportunities, and other compensable losses and damages.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages in an amount in excess of Two Hundred Thousand Dollars ($200,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Attorney's fees and costs; and

D. Such other relief as this Court deems appropriate.

## COUNT III BREACH OF CONTACT

1-11. Plaintiff re-alleges ¶¶ 1-1 of Count I as ¶¶ 1-11 of this Count III.

15. Defendant and Plaintiff entered into a settlement agreement on December 19, 2019, to resolve Plaintiff's discrimination complaints. As consideration for Plaintiff agreeing to settle her discrimination complaint, Defendant agreed to keep the agreement confidential and to provide Plaintiff's prospective employers with a neutral reference of her employment status with Defendant.

16. Defendant breached this agreement by failing and refusing to provide any response or neutral reference to Plaintiff's prospective employers nor even confirm she had worked for Defendant.

17. Defendant's breach of the agreement caused Plaintiff to lose employment opportunities or delayed her career opportunities thereby causing her to lose income and job opportunities.

18. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded damages in excess of $60,000 and costs.

## COUNT IV TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

1-11. Plaintiff re-alleges ¶¶ 1-11 of Count I as ¶¶ 1-11 of this Count II.

19. Defendant's management staff made several attempts to ruin Plaintiff's career to cause her economical and reputational harm.

20. Defendant created an internal campaign to ruin her reputation to those Plaintiff previously worked with to deprive her of references who were employed by Defendant.

21. Defendant is no ordinary employer. Defendant is the largest trade association in the country, a self-regulatory organization of real estate industry, and the second largest lobbying group in the United States of America. Plaintiff has examples of after achieving reaching interview stages or being provided employee referrals with prospective employers, Defendant's influence caused Plaintiff to lose out of these opportunities, leaving Plaintiff to suffer a loss of wages for a period of 10 and 4 months respectively.

22. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, requests judgment in favor of Plaintiff and against the Defendant and that Plaintiff be awarded damages in excess of $60,000 and Punitive damages in the amount of $1,000,000.

Dated this the 17 day of June, 2024.

RESPECTFULLY SUBMITTED BY PLAINTIFF,

_____ Signature

Roshani Sheth

4553 N. Monticello Avenue,

Chicago, IL 60625