IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSHANI SHETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-05061 |
| v. | ) |
| | ) Judge Georgia N. Alexakis |
| THE NATIONAL ASSOCIATION OF REALTORS, | ) Magistrate Judge M. David Weisman |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant National Association of REALTORS® ("NAR") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Counts I, II, and III of Plaintiff's Second Amended Complaint, with prejudice. In support of this Motion, NAR submits a Memorandum of Law filed herewith, and respectfully states as follows:

1. On April 22, 2025, this Court ruled on NAR's prior Motion to Dismiss, dismissing all of Plaintiff's Claims, without prejudice, except for her breach of contract claim. (Dkt. 27.)

2. Plaintiff filed her Second Amended Complaint on June 3, 2025, alleging claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I) and the Illinois Human Rights Act ("IHRA") (Count II), discrimination in violation of 42 USCS § 1981 (Count III), and breach of contract (Count IV). (Dkt. 30.)

3. As explained in the accompanying Memorandum of Law, NAR moves to dismiss Counts I, II, and III of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4. Specifically, Plaintiff's retaliation claims under Title VII and the IHRA – Counts I

and II, respectively – should be dismissed, with prejudice, because (i) Plaintiff fails to allege the requisite causal link between her alleged protected activity and the purported adverse employment action, and (ii) with specific regard to the text messages, Plaintiff fails to sufficiently allege an agency relationship to establish that NAR committed an adverse employment action. *See Sosa v. Onfido, Inc.*, 8 F.4th 631, 640 (7th Cir. 2021); *Lawlor v. North Am. Corp. of Ill.*, 2012 IL 112530, ¶ 44 (Ill. 2012).

5. Alternatively, Plaintiff's IHRA retaliation claim (Count II) should be dismissed as untimely because 775 ILCS 5/7A-102(A-1)(5) does not toll the limitations period. Specifically, Section 7A-102(A-1)(5) only tolls the limitations period if the Equal Employment Opportunity Commission ("EEOC") was the governmental agency designated to investigate Plaintiff's charge of discrimination first, and Plaintiff's Second Amended Complaint states explicitly, on its face, that the Illinois Department of Human Rights ("IDHR") was the governmental agency designated to investigate the charge first. The Second Amended Complaint further reveals that the IDHR only forwarded the charge to the EEOC for investigation *after* the IDHR's investigation had ended. Accordingly, Section 7A-102(A-1)(5) does not toll the limitations period, and no amount of repleading will enable Plaintiff to bring this claim in a timely manner. As such, for this alternative reason, Count II should be dismissed, with prejudice.

6. Plaintiff's Section 1981 claim should be dismissed because Plaintiff once again fails to properly allege that race was the "but for" cause of the purported adverse employment action. *Shirley v. Staffing Network Holdings, LLC*, No. 16 C 6279, 2016 WL 6599951, at *3 (N.D. Ill. Nov. 8, 2016); *see also Mir v. State Farm Mut. Auto. Ins. Co.*, 847 Fed. Appx. 347 (7th Cir. Feb. 24, 2021) (citing *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020)). Moreover, to the extent Plaintiff attempts to bring a hostile work environment claim under Section 1981, such a claim cannot proceed because, as this Court has noted, Plaintiff "no longer

works at NAR and released any claims arising during her employment." (Dkt. 27, 4-22-25 Mem. Op. and Order, at 12.) Consequently, Plaintiff's Section 1981 claim should be dismissed, with prejudice.

7. The basis for this Motion is set forth more fully in the attached Memorandum of Law.

WHEREFORE, NAR respectfully requests this Court grant its Partial Motion to Dismiss Plaintiff's Second Amended Complaint, dismiss Counts I, II, and III of Plaintiff's Second Amended Complaint, with prejudice, and grant any other such relief as justice requires.

Dated: July 8, 2025

Respectfully Submitted:

By: /s/Steven Millman
Anneliese Wermuth (#06270970)
Steven Millman (*Admitted Pro Hac Vice*)
COZEN O'CONNOR
123 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
(312) 474-7900
(312) 878-2023 (Fax)
awermuth@cozen.com
smillman@cozen.com

3

**CERTIFICATE OF SERVICE**

I, Steven Millman, an attorney, hereby certify that on **July 8, 2025**, I caused a true and correct copy of **DEFENDANT'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** to be electronically served via the Court's system, which will send notification of such filing to the following counsel of record:

Rupa Baskaran
Wilt Toikka Kraft, LLP
1629 K. Street NW, Suite 300
Washington, DC 20006

*/s/ Steven Millman*
Steven Millman