**EXHIBIT A**

# AGREEMENT AND GENERAL RELEASE ("Agreement")

National Association of REALTORS® ("Employer") and **Roshani Sheth**, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment.** Employee's last day of employment with Employer was Wednesday, October 2, 2019 ("Separation Date").

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Employer will provide Employee with the following separation package. Employer agrees:

    a. to pay Employee the gross amount of One Hundred Thousand and Zero Cents ($100,000.00), less lawful deductions. Employer will report this payment to Employee on an IRS Form W-2. Employer will deliver this payment to Employee through counsel, Stowell & Friedman, Ltd., 303 W. Madison #2600, Chicago, Illinois 60606, within 14 days after Employer receives an executed copy of this Agreement; and

    b. subject to Employee directing all employment reference requests to Employer's Talent Development Department only (or any other successor department performing the same or similar tasks), Employer also agrees to respond to such requests by providing only Employee's dates of employment and position titles.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph 2 above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

4. **General Release, Claims Not Released and Related Provisions**.

    a. **General Release of All Claims**. Employee knowingly and voluntarily releases and forever discharges Employer, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, partners, members, shareholders, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims arising out of Employee's employment with Employer, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

    - Title VII of the Civil Rights Act of 1964;
    - Sections 1981 through 1988 of Title 42 of the United States Code;
    - The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Illinois Human Rights Act, 775 I.L.C.S. §§ 5/1-101 et seq.;
- The Illinois statutory provision regarding retaliation/discrimination for filing a workers' compensation claim, 820 I.L.C.S. § 305/4(h);
- The Illinois Equal Pay Act, 820 I.L.C.S. §§ 110/1 et seq.;
- The Illinois Equal Wage Act, 820 I.L.C.S. §§ 112/1 et seq.;
- The Illinois Wage Payment and Collection Act, 820 I.L.C.S. §§ 110/1 et seq.;
- The Illinois Minimum Wage Law, 820 I.L.C.S. §§ 105/1 et seq.;
- The Illinois One Day Rest in Seven Act, 820 I.L.C.S. §§ 140/1 et seq.;
- The Illinois Eight Hour Day Act, 820 I.L.C.S. §§ 145/1 et seq.;
- The Illinois Family Military Leave Act, 820 I.L.C.S. §§ 151/ et seq.;
- The Illinois Worker Adjustment and Retraining Notification Act, 820 I.L.C.S. §§ 65/1 et seq.;
- The Illinois Health and Safety Act, 820 I.L.C.S. §§ 225/1 et seq.;
- The Illinois Whistleblower Protection Act, 5 I.L.C.S. §§ 395/1 et seq. (public employers only);
- The Illinois Whistleblower Act – 740 ILCS §§ 174 et seq.;
- The Illinois School Visitation Rights Act, 820 I.L.C.S. §§ 147/1 et seq.;
- The Illinois AIDS Confidentiality Act, 410 I.L.C.S. § 305;
- Illinois Right to Privacy in the Workplace Act, 820 I.L.C.S. §§ 55/1 et seq.;
- The Illinois Genetic Information Privacy Act, 410 I.L.C.S. §§ 513/5 et seq.;
- The Illinois Personnel Record Review Act, 820 I.L.C.S. §§ 40/0.01 et seq.;
- The Illinois Victims' Economic Safety and Security Act, 820 ILCS §§ 180/1 et seq.;
- Smoke Free Illinois Act;
- The Cook County Human Rights Ordinance;
- The Chicago Human Rights Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Except with respect to Section 7, and any misrepresentation by Employee thereof, Employer knowingly and voluntarily releases and forever discharges Employee of and from any and all claims arising out of Employee's employment with Employer, known and unknown, asserted or unasserted, which the Employer has or may have against Employee as of the date of execution of

this Agreement..

    b. **Claims Not Released.** Employee is not waiving any rights Employee may have to: (a) Employee's own vested accrued employee benefits under Employer's health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

    c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (*e.g.*, EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Employee's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee will not be entitled to recover any individual monetary relief or other individual remedies.

    5. **Acknowledgments and Affirmations.** Employee affirms that Employee has not filed, has not caused to be filed, and is not presently a party to any claim against Releasees.

    Employee also affirms that Employee has reported all hours worked as of the date Employee signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

    Employee further affirms that Employee has no known workplace injuries or occupational diseases.

    Employee also affirms that Employee has not divulged any proprietary or confidential information of Employer and will continue to maintain the confidentiality of such information consistent with Employer's policies, any agreement(s) with Employer, and common law.

    Employee agrees to refrain from making defamatory or maliciously disparaging statements, oral or written, about Employer or any of the other Releasees (and their services), including but not limited to communications on social media websites including, but not limited to, *Facebook, Twitter* or *LinkedIn*, on blogs, by text or email or other electronic means, except for truthful statements required by legal process issued by a court or tribunal of competent

jurisdiction, and/or to any federal, state, or local government agency. Employee agrees that the employer's payments obligations as set forth in Paragraph 2 are contingent upon Employee's compliance with the obligations set forth in this Paragraph 5

6. **Confidentiality**. The parties agree to maintain confidentiality concerning the terms of this Agreement and will not reveal, or disseminate by publication in any manner whatsoever this document or any matters pertaining to it to any other person except as required by legal process or to enforce this Agreement. This confidentiality provision does not apply to communications necessary between a party's legal and financial planners or tax preparers who are also bound by this confidentiality provision.

7. **Return of Property**. Employee affirms that Employee has returned all and is not in possession of any of Employer's property, documents, and/or any confidential information in Employee's possession or control, and Employee acknowledges and agrees that any and all information of any kind or nature in any and all forms and formats of media now or later contemplated residing on any of Employer's computer systems and equipment belongs, from inception, to Employer, as Employers sole property. Further, Employee represents that she has not, and will not in the future, disclose any trade secret or other confidential, non-public information of Employer. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Employer's premises and that Employer is not in possession of any of Employee's property.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Illinois, without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. This Agreement and General Release reflects the intent of both parties, and thus no provision of it shall be construed for or against any party because that party or its attorney drafted the provision.

9. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between

the parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

      12. **Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

      EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES. The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ROSHANI SHETH**

By: *Roshani Sheth*

Date: 12/12/2019

**NATIONAL ASSOCIATION OF REALTORS®**

*Donna Bland* (DocuSigned by, BC3C0E8B27484C9...)

Its: SVP, Talent Development & Resources

Date: 12/16/2019

5