UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSHANI SHETH,<br><br>          Plaintiff,<br><br>     v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS,<br><br>          Defendant. | No. 24 CV 5061<br><br>Judge Georgia N. Alexakis |

ORDER

In her second amended complaint, Roshani Sheth sues the National Association of Realtors for retaliation under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act, discrimination under Section 1 of the Civil Rights Act of 1866, and breach of contract. [30]. NAR moves to dismiss the retaliation and discrimination claims under Federal Rule of Civil Procedure 12(b)(6). [38]. For the following reasons, the Court grants NAR's motion.

STATEMENT

*Legal Standard*

A complaint must contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff need only allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the Court assumes that the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.*

*Background*

Sheth filed her original complaint in 2024 while proceeding pro se. [1]. A few months later, she acquired counsel and filed an amended complaint. [14], [16]. The Court dismissed all the claims in the amended complaint except one, for breach of contract. [27]. The dismissal was without prejudice, [26], and Sheth repleaded her retaliation and discrimination claims in the second amended complaint that is now at issue, [30].

Sheth says she experienced pervasive sexual harassment and discrimination during and after her employment with NAR. The core allegations, which remain unchanged from the first amended complaint to the second, are summarized in the Court's previous dismissal order, [27] at 2–6. Her second amended complaint brings claims for (1) retaliation under Title VII of the Civil Rights Act of 1966, 42 U.S.C. §§ 2000e–2000e-17; (2) retaliation under Article 2 of the Illinois Human Rights Act, 775 ILCS 5/2-101–10; (3) discrimination under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and (4) breach of contract. NAR moves to dismiss all claims except for breach of contract, [38] at 1, the only claim not dismissed from the first amended complaint, [27] at 18. The Court considers each in turn.

*Retaliation Under Title VII and the IHRA (Counts I & II)*

For Sheth's Title VII retaliation claim to proceed, she must show: "(1) she engaged in statutorily protected activity; (2) she suffered an adverse action taken by the employer; and (3) there was a causal connection between the two." *Metzger v. Ill. State Police*, 519 F.3d 677, 681 (7th Cir. 2008). The parties do not dispute that Sheth engaged in statutorily protected activity when she complained of NAR's allegedly discriminatory conduct and filed a charge of discrimination with the EEOC and IDHR. [30] ¶¶ 54–55. Instead, they dispute whether Sheth adequately pleads she was subject to an adverse action by NAR that was causally connected to her protected activity. As she did in her previous pleading, Sheth alleges two adverse actions: (1) NAR's failure to respond to reference requests, *id.* ¶¶ 36, 40–41, and (2) a "series of harassing text messages," *id.* ¶¶ 44–46; *see* [27] at 7.

In its previous dismissal of Sheth's retaliation claims, the Court held that NAR's alleged failure to respond to reference requests could amount to an adverse action taken by the employer, but Sheth had not plausibly alleged a causal connection between that failure and her discrimination charge with the EEOC and IDHR. [27] at 7–9. It reasoned that the "more than two-year period between the filing of Sheth's charge and the ignored reference requests is too long to establish causation." *Id.* at 8 (citing *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008)). Further, the "harassing texts" that Sheth received didn't establish a retaliatory motive because they were sent nearly two years before NAR's alleged lack of response to reference requests. *Id.* at 9. Neither did NAR's failure to provide neutral references during the

pendency of Sheth's EEOC charge, because the allegedly retaliatory act itself cannot also serve as a foundation for causation. *Id.*

The new factual allegations in Sheth's second amended complaint do not cure those deficiencies. Sheth has beefed up an allegation from her previous complaint, that a prospective employer made "several attempts" to contact NAR but "could not verify the employment details," [16] ¶ 36, with an assertion that NAR's "refusal to provide a neutral reference ... was not merely procedural but a deliberate act of retaliation, timed to undermine Plaintiff's ability to secure future employment while still exposed to legal uncertainty" and "demonstrates [NAR's] intent to chill the exercise of protected rights and punish [Sheth] for engaging in protected activity." [30] ¶ 40. This addition is a mere legal conclusion that does not move the needle on the plausibility of Sheth's claim. *See Iqbal*, 556 U.S. at 678.

Sheth argues that the proximity of NAR's failure to provide a reference to the 90-day window for filing suit following the conclusion of the IDHR's investigation "exists as another node in a pattern of retaliation." [40] at 10. But proximity to the 90-day filing window is of no moment. "To establish causation based on temporal proximity, courts instead focus on the date the charge was filed." [27] at 9 (citing *Schultze v. White*, 127 F. App'x 212, 219 (7th Cir. 2005)). And as NAR points out, IDHR's issuance of a right-to-sue letter does not constitute protected activity by the plaintiff. [39] at 9–10 (citing *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001), and *Clemmer v. Off. of Chief Judge of Cir. Ct. of Cook Cnty. & State of Illinois*, No. 06 C 3361, 2008 WL 5100859, at *10 (N.D. Ill. Dec. 2, 2008)).

Sheth has also alleged additional incidents that she believes demonstrate "an animus that continued post-employment" and "a retaliatory effort by individuals within NAR leadership to intimidate her." [30] ¶¶ 27–28. But the alleged incidents happened more than two years before NAR's alleged failure to respond to reference requests. The harassing texts alleged in the first amended complaint did not establish a retaliatory motive because they were too temporally remote, [27] at 9; neither do these incidents, for the same reason.

Thus, as to the reference requests, Sheth has not alleged causation sufficient to state a Title VII claim for retaliation.

The Court also previously held that the "series of harassing text messages" could not be the basis of a retaliation claim because Sheth did not plausibly allege that there was an agency relationship between NAR and the person who sent the texts. [27] at 10–11. In other words, although the harassing text messages could be "adverse actions," *id.* at 10, the alleged facts did not support a reasonable inference that they were adverse actions "taken *by the employer*." *See Metzger*, 519 F.3d at 681 (emphasis added). Sheth had alleged in her first amended complaint that NAR, "through its agents, sent [her] a series of harassing text messages," [16] ¶ 40, but she

alleged neither the identity of the messages' sender nor facts plausibly showing that the sender was an agent subject to NAR's control such that NAR could be liable for the sender's conduct. [27] at 10–11 (citing *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 498 (1996) ("It is insufficient to merely plead the legal conclusion of agency.")).

Sheth now pleads allegations beyond the "legal conclusion of agency," *Connick*, 174 Ill. 2d at 482, but they remain insufficient to support a "reasonable inference that [NAR] is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Specifically, Sheth alleges that she hired a private investigator to find out who sent the texts. [30] ¶ 46. The investigator determined that the messages were sent from a number that "belonged to an innocent person who shared a name similar to that of [Sheth's harasser's] former wife as well as the first name of an NAR employee who alleged sexual assault against [the harasser]." *Id.* Based on this, Sheth "believes" that the texts were sent at the behest of either NAR's former CEO, NAR's Executive Vice President, or her harasser. *Id.* In her view, the unspecified similarities between the name of the owner of the phone number from which the texts were sent and the names of her harasser's ex-wife and another accuser show that "the author [of the texts] would need to know the details of [Sheth's] complaint." *Id.*

The Court does not share Sheth's belief. The Court draws all reasonable inferences in Sheth's favor, but it does not engage in speculation. *Twombly*, 550 U.S. at 555. Sheth does not allege the name of the owner of the number from which the texts came or the names of her harasser's ex-wife or his accuser, how similar the names are, or how common the names are. There are no reasonable inferences to be drawn from such vague allegations.

Even if such details had been included in the second amended complaint, it still would not be sensible to conclude, as Sheth argues, that the person who sent the texts or directed them to be sent selected the phone number from which they would be sent based on these connections in order to ostensibly communicate a threat on behalf of NAR. [40] at 7. The connections (if they can be called that) are so obscure that Sheth only uncovered them after hiring a private investigator. *See* [30] ¶ 46. Indeed, Sheth also argues that "employees and agents of NAR ... spoofed cell phone numbers of innocent parties to cover their tracks, rather than incriminating themselves by sending her the harassing text messages from their own numbers." [40] at 9. That "employees and agents of NAR" spoofed numbers that would "cover their tracks"—numbers without any readily ascertainable connection to themselves or to Sheth's complaint—is not compatible with the idea that the choice of number was intended to communicate a threat on behalf of NAR. This is not "a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

In addition to Title VII, Sheth also brings a retaliation claim under the IHRA. [16] ¶¶ 53–63. "Illinois courts apply the federal Title VII framework to IHRA claims." *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016). Because

4

Sheth has not stated a Title VII retaliation claim, her IHRA retaliation claim likewise fails.[1]

### *Section 1981 (Count III)*

To succeed on her § 1981 discrimination claim,[2] Sheth must allege facts "showing that race was a but-for cause of the injury." *Singmuongthong v. Bowen*, 77 F.4th 503, 507 (7th Cir. 2023). This means, as the Court previously held when dismissing the § 1981 claim from Sheth's first amended complaint, that race "must be the determining factor." [27] at 13 (quoting *Piccioli v. Plumbers Welfare Fund Loc. 130, U.A.*, No. 19-CV-00586, 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020)). Thus, allegations of discrimination based on multiple characteristics (as opposed to race alone) preclude a § 1981 discrimination claim. *See* [27] at 13 (citing *Postell v. Fallsburg Libr.*, No. 20-CV-03991 (NRS), 2022 WL 1092857, at *9 (S.D.N.Y. Apr. 8, 2022)).

Here, Sheth pleads, as she did in her first amended complaint, that NAR "subjected [her] to adverse employment actions and a hostile work environment based on her sex, race, color, and perceived national origin." [16] ¶ 67; [30] ¶ 74. She has thus failed to plead that race was a but-for cause of any discrimination. Sheth has added allegations that NAR "has a history of discriminating against [her]," [30] ¶ 77, and that NAR's conduct was "motivated by a racial animus as evidenced by its past conduct towards her," [30] ¶ 81; *see also id.* ¶ 27 (alleging that Sheth was treated differently than white women at NAR during her employment there). This does not change the fact, however, that Sheth has bundled her allegations of racial discrimination with allegations of discrimination based on "sex, … color, and perceived national origin." [30] ¶ 74; *see also id.* ¶¶ 73, 76. This precludes a finding of but-for causation. *See Arora v. Nav Consulting Inc.*, No. 21 C 4443, 2022 WL 746211, at *3 (N.D. Ill. Oct. 13, 2022) (citing *Postell*, 2022 WL 1092857, at *9). Sheth offers absolutely no argument to the contrary. *See* [40] at 11 (repeating her argument as to the timeliness of Count II rather than addressing Count III).

---

[1] The Court previously declined to address NAR's alternative argument that Sheth's IHRA claim is time-barred because the argument turned on whether "the EEOC [was] the governmental agency designated to investigate the charge first," and "[n]othing on the face of Sheth's complaint indicates that was the case." [27] at 11 n.3. NAR cites no new allegations in its brief, [39] at 2–3, 10–12, so the Court again declines to address the argument.

[2] Although Count III is labeled as a § 1981 discrimination claim, [30] at 19, Sheth's allegations in that section of the second amended complaint also refer to actions NAR took in retaliation for Sheth's protected activities, id. ¶¶ 78–80, 82. To the extent Sheth brings a § 1981 claim for retaliation, that claim falls short for the same reasons discussed in the context of Sheth's Title VII retaliation claim.

If this weren't already enough to warrant dismissal of Count III, Sheth's § 1981 claim separately fails because she has not adequately alleged conduct that could amount to discrimination under § 1981. As the Court previously held, Sheth cannot bring a claim based on a hostile work environment. [27] at 12. A hostile work environment stems from conduct that occurred during an employee's tenure at a company, *see Yanicick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011), and Sheth admitted that she released any claims based on NAR's actions during her employment when she signed the Settlement Agreement, [21] at 6.

Nor can she base her § 1981 claim on NAR's failure to respond to reference requests, [30] ¶ 79, or the harassing text messages, [30] ¶ 81. An adverse employment action for a discrimination claim must "materially alter the terms and conditions of employment." *Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012) (quoting *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001)). Sheth's complaint does not indicate how these actions or omissions, which occurred well after the end of Sheth's employment with NAR, [30] ¶¶ 30, 40, 44, materially alter the terms or conditions of that employment. *See Dass*, 675 F.3d at 1069 (identifying three categories of materially adverse employment actions in the discrimination context). Sheth again offers no argument to the contrary. *See* [40] at 11.

### *Dismissal of Counts I, II, and III With Prejudice*

"[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). Here, Sheth already has been given this opportunity. In dismissing her amended complaint, the Court observed that Sheth had failed to identify an adverse action that was taken by NAR and was causally connected to statutorily protected activity. [27]. Sheth's second amended complaint exhibits the same deficiency. The fact that Sheth now has had three chances to articulate a retaliation theory to support her Title VII and IHRA claims, and has failed to do so, militates against giving her yet another opportunity. Similarly, for purposes of her § 1981 claim, Sheth already has had an opportunity to disentangle her allegations of racial discrimination from her allegations of discrimination based on sex, color, and perceived national origin. Twice now she has pled in a manner that presents this issue.

The dismissal of her Title VII, IHRA, and § 1981 claims are now with prejudice. *Accord Lazarou v. American Board of Psychiatry and Neurology*, 158 F.4th 854, 865 (7th Cir. 2025) (affirming dismissal with prejudice where "[p]laintiffs had several opportunities to amend their complaint"); *Dittman v. ACS Human Services LLC*, 2017 WL 819685, at *5 (N.D. Ind. Mar. 1, 2017) ("[D]espite several opportunities to do so, [plaintiff] yet again fails to allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face … and it appears that he will never be

able to do so. For these reasons, [plaintiff's] claims ... pursuant to Title VII ... are dismissed with prejudice.").

### *Dismissal of Breach-of-Contract Claim (Count IV)*

Because the Court dismisses Sheth's federal claims, it declines to exercise subject-matter jurisdiction over her breach-of-contract claim. Federal courts only have the power to hear cases over which they have subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513–14 (2009). Federal district courts have original subject-matter jurisdiction over civil actions "arising under" the Constitution or laws of the United States, 28 U.S.C. § 1331, or involving more than $75,000 between "citizens of different States," 28 U.S.C. § 1332. *See Arbaugh*, 546 U.S. at 513.

District courts have supplemental jurisdiction over claims that are part of the "same case or controversy" as claims over which they have original jurisdiction, 28 U.S.C. § 1367(a), but they "may decline to exercise supplemental jurisdiction if ... the district court has dismissed all claims over which it has original jurisdiction," *id.* at § 1367(c)(3). Then, it is "presum[ed] ... that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). Certain circumstances can displace that presumption: (1) the statute of limitations has run on the pendent claim; (2) sending the case to another court will cause a substantial duplication of effort; or (3) it is "absolutely clear" how the remaining claims can be decided. *Id.* at 480. Even so, the presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* at 479.

Here, the Court dismisses the claims over which it has original jurisdiction, so the presumption is that the Court will relinquish supplemental jurisdiction over Sheth's other claims. *RWJ Mgmt. Co.*, 672 F.3d at 479. The Court is not aware of any circumstances rebutting that presumption. Notably, the parties have voluntarily stayed discovery pending resolution of NAR's motion to dismiss, [37], so proceeding in another court would be unlikely to "cause a substantial duplication of effort," *RWJ*

*Mgmt. Co., Inc.*, 672 F.3d at 479.[3] The Court therefore declines to exercise supplemental jurisdiction over Count IV.

## CONCLUSION

For the foregoing reasons, the Court grants NAR's motion to dismiss Counts I, II, and III of Sheth's second amended complaint. The dismissal of these counts is with prejudice. Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law breach-of-contract claim (Count IV). *See* 28 U.S.C. § 1367(c)(3). Civil case terminated.

ENTER:

Date: 1/13/2026

Georgia N. Alexakis
U.S. District Judge

---

[3] Sheth has since asked the Court to allow her to proceed to discovery. [30] at 4; [33] at 6; [40] at 11. But Rule 8 contains a "threshold requirement" that the allegations in the complaint "possess enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557. Because Sheth has not met this threshold requirement, she is not entitled to further proceedings, including discovery. *See Iqbal*, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."). This makes sense; a plaintiff satisfies Rule 8 with a pleading that supports a "reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 663, and "raise[s] a reasonable expectation that discovery will reveal evidence of" wrongdoing, *Twombly*, 550 U.S. at 556. So where, as here, the plaintiff has not met Rule 8's standard, there is no basis to reasonably expect discovery to reveal evidence of wrongdoing.